NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
NUWAN WEERAHANDI,                   :
                                    :
                    Plaintiff,      :
                                    :
        v.                          :    Civil Action No. 3:16-CV-06131-BRM-TJB
                                    :
ALIA SHELESH; EVAN JOHN YOUNG;      :
FULLSCREEN, INC.; YOUTUBE, LLC;     :
AND GOOGLE, INC.;                   :
                                    :
                                    :
                    Defendants.     :    **OPINION**
_____ :

**MARTINOTTI, DISTRICT JUDGE**

Before this Court are: (1) Defendants Alia Shelesh ("Shelesh") and John Evan Young's ("Young") (collectively, "Individual Defendants")[1] Motion to Dismiss *pro se* Plaintiff Nuwan Weerahandi's ("Plaintiff") Complaint (ECF No. 1), pursuant to Federal Rule of Civil Procedure 12(b)(2) (ECF No. 14); (2) Defendant Fullscreen, Inc.'s ("Fullscreen") Motion to Dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) (ECF No. 10-1); and (3) Defendants Google, Inc. ("Google") and YouTube, LLC's ("YouTube") Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 7-1). Plaintiff opposes all three Motions (ECF Nos. 15-17). Pursuant to Federal Rule of Civil Procedure 78(b), the Court did not hear oral argument. For the reasons set forth below, Individual Defendants' Motion to Dismiss is

---

[1] The Individual Defendants are appearing *pro se* but "requested the assistance of the Arizona law firm, Kelly Warner Law in a very limited capacity." (Sec. Decl. of Evan Young (ECF No. 14-7) ¶ 4.) The Individual Defendants do not have local counsel, and Kelly Warner Law, which, according to Young, "is not yet admitted in the Court," has not appeared in this case. (*Id.* ¶¶ 3-4.)

1

**GRANTED**; Fullscreen's Motion to Dismiss is **GRANTED**; and Google and YouTube's Motion to Dismiss is **GRANTED**.

I. **BACKGROUND**

For the purposes of the Motions to Dismiss pursuant to Rule 12(b)(6), the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Plaintiff. *See Phillips v. Cty. Of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Additionally, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002); *see also U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). However, on a motion to dismiss pursuant to Rule 12(b)(2), "plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper." *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996). Therefore, the Court is not bound by the pleadings to determine jurisdiction, *see id.*, and, to the extent they are material, will include relevant allegations pertaining to jurisdiction in its summary of the facts, while construing all disputed facts in favor of the plaintiff. *Carteret Sav. Bank v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992).

A. **The Parties**

Plaintiff is a United States citizen and New Jersey resident, who is currently unemployed. (Complaint (ECF No. 1) ¶ 1.) He brings this lawsuit against Defendants alleging a "violation of Federal and New Jersey state laws against Defamation [sic] causing much monetary and mental harm to Plaintiff" in connection with the parties' use or ownership of the website, YouTube. (*Id.* ¶ 6.)

Shelesh and Young are United States citizens, residing in Arizona. (*Id.* at 4; Decl. of Alia

Shelesh (ECF No. 14-4) ¶ 4; First Decl. of Evan Young (ECF No. 14-3) ¶ 4.) Shelesh publishes videos to YouTube under the username SSSniperwolf, although both Individual Defendants manage the account (ECF No. 1 ¶¶ 4, 7; ECF No. 14 at 1-2). Neither of the Individual Defendants own property in New Jersey nor transact business in New Jersey. (ECF Nos. 14-3 ¶¶ 6-7 and 14-4 ¶¶ 6-7.) They contend the YouTube videos posted under the name SSSniperwolf target a broad, worldwide audience and do not specifically target New Jersey residents. (ECF Nos. 14-3 ¶¶ 13, 14 and 14-4 ¶¶ 13, 14.)

Plaintiff alleges Fullscreen is United States corporation located in Arizona (ECF No. 1 ¶ 5), however Fullscreen contends it is a Delaware corporation with its principal place of business in Los Angeles, California (Decl. of Martin Le, Fullscreen's Vice Pres. of Legal & Corporate Affairs (ECF No. 12) ¶ 3.) It concedes it "conducts minimal business in New Jersey," but it does not have offices in New Jersey or own property in New Jersey. (*Id.* ¶¶ 4-5.)

Google, a United States corporation, and YouTube, a Google subsidiary, both have their headquarters in California. (ECF No. 1 ¶¶ 2-3.)

### B. Allegations of Defamation

According to the Complaint, on August 16, 2013, Shelesh filed "a false and malicious Digital Millennium Copyright Act (DMCA) takedown notice . . . to falsely and maliciously take down Plaintiff's video, 'SSSniperWolf FACEBOOK CREEPERS Vlog Rant RESPONSE.'" (*Id.* ¶ 10.) Plaintiff filed an opposition to the claim and, in doing so, "had to provide his real name, home address, phone number, and e-mail." (*Id.*) "Plaintiff's video was subsequently reinstated as Plaintiff did not violate [Shelesh's] copyright." (*Id.*)

Shelesh proceeded to disseminate the personal identifying information Plaintiff disclosed in the DMCA suit to her "followers and supporters who then posted Plaintiff's private information

on the comments section of her videos . . . and their Google+ pages." (*Id.* ¶ 11.) Additionally, the Individual Defendants "published YouTube videos which slandered and defamed Plaintiff's character by falsely labeling him as a 'Registered Sex Offender'." (*Id.* ¶ 7.) Plaintiff provided links to three videos and the relevant Google+ pages. (*Id.* ¶¶ 7, 11, and Wherefore Paragraph.)

Plaintiff reported the videos and Google+ links to YouTube for harassment and bullying and requested, to no avail, the links be taken down. (*Id.* at ¶¶ 8-9.)

Plaintiff makes no allegations about Fullscreen in the Complaint. (*See id.*)

## II. STANDARD OF REVIEW

### A. Federal Rule of Civil Procedure 12(b)(2)

A plaintiff bears "the burden of demonstrating facts that establish[] personal jurisdiction." *Fatouros v. Lambrakis*, 627 F. App'x 84, 86-87 (3d Cir. 2015) (citing *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002)). A court "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Pinker*, 292 F.3d at 368 (quoting *Carteret Sav. Bank, F.A. v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992)). Pursuant to Federal Rule of Civil Procedure 4(e), a district court may exercise personal jurisdiction according to the law of the state where it sits. "New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 95 (3d Cir. 2004) (citing N.J. Court Rule 4:4-4(c)). In other words, this Court's jurisdiction is "constrained, under New Jersey's long-arm rule, only by the 'traditional notions of fair play and substantial justice,' inhering in the Due Process Clause of the Constitution." *Carteret Sav. Bank, F.A.*, 954 F.2d at 145 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "Thus, parties who have constitutionally sufficient 'minimum contacts' with New Jersey are

subject to suit there." *Miller Yacht Sales, Inc.*, 384 F.3d at 96 (citing *Carteret Sav. Bank, F.A.*, 954 F.2d at 149).

The Supreme Court has defined two categories of personal jurisdiction: specific jurisdiction and general jurisdiction. *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014) (citing *Int'l Shoe Co.*, 326 U.S. at 317); *see Metcalfe*, 566 F.3d at 334 ("Minimum contacts can be analyzed in the context of general jurisdiction or specific jurisdiction."). Specific jurisdiction exists when the defendant's activities in the forum state: (1) were "continuous and systematic" and (2) gave rise to the plaintiff's claims. *Id.* General jurisdiction requires only continuous and systematic contacts, and exists in "situations where a foreign corporation's 'continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities.'" *Id.* (quoting *Int'l Shoe Co.*, 326 U.S. at 318).

"Under traditional jurisdictional analysis, the exercise of specific personal jurisdiction requires that the 'plaintiff's cause of action is related to or arises out of the defendant's contacts with the forum.'" *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 451 (3d Cir. 2003) (citing *Pinker*, 292 F.3d at 368.) The defendant must have "'purposefully directed' his activities at residents of the forum and the litigation [must] result[] from alleged injuries that 'arise out of or relate to' those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985); *Metcalfe*, 566 F.3d at 334. Further, the Due Process Clause of the Fifth Amendment requires that a "defendant has constitutionally sufficient 'minimum contacts' with the forum" and that "the court's jurisdiction comports with traditional notions of fair play and substantial justice." *Pinker*, 292 F.3d at 369 (citing *Burger King Corp.*, 471 U.S. at 474 and *Int'l Shoe*, 326 U.S. at 316).

While the Supreme Court has not ruled out the possibility an individual could be subject to general jurisdiction because of "continuous and systematic contacts" with the forum, the Court has applied general jurisdiction only to corporate defendants. *Goodyear Dunlop Tires Operations S.A. v. Brown*, 564 U.S. 915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; *for a corporation*, it is an equivalent place, *one in which the corporation is fairly regarded as at home*.") (emphasis added). "It may be that whatever special rule exists permitting continuous and systematic contacts . . . to support jurisdiction with respect to matters unrelated to activity in the forum applies only to corporations." *Burnham v. Superior Court of Cal.*, 495 U.S. 604, 610 n.1 (1990).

### B. Federal Rule of Civil Procedure 12(b)(6)

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than 'an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DECISION

### A. Personal Jurisdiction as to the Individual Defendants

Plaintiff does not allege Individual Defendants are subject to general personal jurisdiction in this Court. (*See* ECF No. 1.) Individual Defendants are domiciled in Arizona, and Plaintiff does not allege either has any contact with New Jersey beyond the scope of Plaintiff's claim. (*Id.* ¶ 4.) Therefore, Individual Defendants are not subject to general personal jurisdiction in this Court. *Goodyear Dunlop Tires Operations S.A.*, 564 U.S. at 924 ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile . . . .").

Plaintiff, therefore, bears the burden of demonstrating Individual Plaintiffs are subject to specific personal jurisdiction.[2] *Dayhoff Inc.*, 86 F.3d at 1302. He must demonstrate Individual Defendants "'purposefully directed' [their] activities at residents of the forum and the litigation [must] result[] from alleged injuries that 'arise out of or relate to' those activities." *Burger King Corp.*, 471 U.S. at 474; *Metcalfe*, 566 F.3d at 334. Plaintiff alleges Individual Plaintiffs "published YouTube videos which slandered and defamed Plaintiff's character by falsely labeling him as a 'Registered Sex Offender'." (ECF No. ¶ 7.) Plaintiff also alleges "Shelesh then disseminated Plaintiff's private information including his real name, home address, phone number, and e-mail to her followers and supporters who then posted Plaintiff's private information on the comments section of her videos . . . and their Google+ pages." (*Id.* ¶ 11.) Plaintiff claims Shelesh obtained his personal information from filings he submitted in a dispute between him and Shelesh over the latter's efforts to have one of Plaintiff's postings removed from YouTube. (*Id.* ¶ 10.) Plaintiff claims the revelation of his personal information led to "mental anguish, emotional distress, stress, anxiety, harassment including racial harassment, death threats, and encouragement of suicide from Defendant Shelesh's subscribers on YouTube." (*Id.* ¶ 12.)

"The mere posting of information or advertisements on an Internet website does not confer nationwide personal jurisdiction." *Remick v. Manfredy*, 238 F.3d 248, 259 n.2 (3d Cir. 2001). However, "a court may exercise personal jurisdiction over a nonresident defendant who commits an intentional tort by certain acts outside the forum which have a particular type of effect upon the plaintiff with the forum state." *IMO Industries, Inc. v. Kiekert AG*, 155 F.3d 254, 261 (3d Cir.

---

[2] Plaintiff argues the Court has jurisdiction over Individual Defendants "due to the Court's Diversity Jurisdiction to handle cases of this nature." (ECF No. 17 at 1-2.) Plaintiff confuses subject matter jurisdiction, which concerns whether a case is properly before a court, *see Packard v. Provident Nat. Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993), .and personal jurisdiction, which governs whether a party is properly before a court, *see Metcalfe*, 566 F.3d at 330.

1998) (citing *Carteret Savings Bank*, 954 at 148). The Supreme Court established this basis for specific personal jurisdiction, now known as the "effects test," in *Calder v. Jones*, 465 U.S. 783 (1984). *See IMO Industries*, 155 F.3d at 261. The Third Circuit has interpreted the effects test as having three requirements:

> First, the defendant committed an intentional tort. Second, the forum was the focal point of the harm suffered by the plaintiff as a result of that tort. Third, the forum was the focal point of the tortious activity in the sense that the tort was "expressly aimed" at the forum. Essential was a corollary finding that the defendants knew that the "brunt" of the injury caused by their tortious acts would be felt by the plaintiff in the forum.

*IMO Industries*, 155 F.3d at 261; *see Marks v. Alfa Group*, 369 F. App'x 368, 370 (3d Cir. 2010). It is not sufficient that a defendant was aware a plaintiff would be harmed in the forum. *Marks*, 369 F. App'x at 370. A plaintiff "must allege facts that establish that defendants 'expressly aimed' their conducted at [the forum]." *Id.* (citing *Marten v. Godwin*, 499 F.3d 290, 297 (3d Cir. 2007); *IMO Industries*, 155 F.3d at 265-66). The Third Circuit has "consistently emphasized that [the effects test of] *Calder* should be applied narrowly." *Marks*, F. App'x at 370 (citing *IMO Industries*, 155 F.3d at 261-65; *Marten*, 499 F.3d at 297.

Here, Plaintiff has sufficiently pled the first two prongs of the effects test, but he has not met his burden for the third prong. Plaintiff pled Individual Defendants defamed him, and that New Jersey was the "focal point of the harm suffered . . . as a result of that tort." *IMO Industries*, 155 F.3d at 261. But Plaintiff has not pled facts that support finding Individual Defendants "expressly aimed" their conduct at New Jersey. *See id.* The Third Circuit and this Court have consistently held defendants were not subject to specific personal jurisdiction in cases similar to this matter. *See, e.g.*, *Marks*, F. App'x at 370-71 (defamatory comments reported on Internet news sites not basis for specific personal jurisdiction); *Marten*, 499 F.3d at 298-99 (defendant's

9

defamatory remark had an effect in the forum but was not "expressly aimed" there); *Remick*, 238 F.3d at 259 (no specific personal jurisdiction where defendant sent a defamatory letter that was read in the forum by plaintiff's colleagues); *Pool & Spa Enclosures, LLC v. Aqua Shield, Inc.*, No. 16-3418, 2016 WL 7325476, at *3 (D.N.J. Dec. 16, 2016) (allegedly misleading video posted on YouTube did not establish personal jurisdiction simply because it could be viewed in the forum); *Machulsky v. Hall*, 210 F. Supp. 531, 542 (D.N.J. 2002) (no specific personal jurisdiction where defendant posted defamatory comments on plaintiff's business's page on eBay.com).

Plaintiff's Complaint lacks any allegation that Individual Defendants' defamatory comments reached anyone in New Jersey or had any effect in the forum beyond their effect on him. *See Remick*, 238 F.3d at 259 ("[I]t cannot be said that the defendants here expressly aimed their conduct at [the forum] so that [the forum] was the focal point of the tortious activity.") While Plaintiff alleges Shelesh was aware of his personal information, including his New Jersey address, and he alleges Shelesh released the information to her followers, these allegations demonstrate an effort to affect Plaintiff, not the forum. *See Marks*, 369 F. App'x at 370-71 (finding that a defamatory message is not a basis for specific personal jurisdiction in a forum absent an effort to distribute the message in the forum). Plaintiff also argues Individual Defendants should be subject to this Court's jurisdiction "since they are profiting from advertising revenue generated through . . . their videos which are viewable worldwide including . . . in the State of New Jersey." (ECF No. 19 at 2.) The Supreme Court recently rejected this reasoning. *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cty.*, 137 S. Ct. 1773, 1781 (2017). "For specific jurisdiction, a defendant's general connections with the forum are not enough." *Id.* "What is needed . . . is a connection between the forum and the specific claims at issue." *Id.* Individual Defendants may have an enormous audience in New Jersey for their YouTube channel, and that audience may provide Individual Defendants

10

with substantial revenue, but those facts are not sufficiently related to Individual Defendants' connections to New Jersey for the purposes of Plaintiff's claims. As Plaintiff has not pled facts that satisfy the third prong of the effects test, the Court finds Individual Defendants are not subject to specific personal jurisdiction.

Therefore, Individual Defendants' Motion to Dismiss is **GRANTED**.

### B. Personal Jurisdiction as to Fullscreen

Fullscreen moves to dismiss Plaintiff's claims against it on the grounds that (1) it is not subject to personal jurisdiction and (2) Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff made no allegations specific to Fullscreen in the Complaint. (*See* ECF No. 1.) In his opposition to Fullscreen's motion, Plaintiff argues "Fullscreen is partnered with Shelesh, features her . . . in their "Creators" page on their website (http://fullscreenmedia.co/creators/), and shares in advertising revenue from Shelesh's videos." (ECF No. 16 at 2) A party cannot amended a complaint by the brief in opposition to a motion to dismiss. *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988). As Plaintiff bears the burden of establishing personal jurisdiction is proper, the Court finds Fullscreen is not subject to personal jurisdiction. *See IMO Industries*, 155 F.3d at 257. As the Court finds Fullscreen is not subject to personal jurisdiction, the Court need not reach its arguments concerning the dismissal of the claims against it for failure to state a claim.

Therefore, Fullscreen's Motion to Dismiss is **GRANTED**.

### C. Google and YouTube's Motion to Dismiss Pursuant to Rule 12(b)(6)

Google and YouTube move to dismiss Plaintiff's claims against them on the ground those claims are barred, as a matter of law, by the Communications Decency Act, 47 U.S.C. § 230 (the "CDA").

> Section 230 provides, in pertinent part, "No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). Section 230 also provides that "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." 47 U.S.C. § 230(e)(3).

*Green v. Am. Online (AOL)*, 318 F.3d 465, 470 (3d Cir. 2003). The CDA also "proscribes liability in situations where an interactive service provider makes decisions 'relating to the monitoring, screening, and deletion of content from its network.'" *Obado v. Magedson*, 612 F. App'x 90, 94-95 (3d Cir. 2015) (quoting *Green*, 318 F.3d at 470-71). Courts have recognized Congress conferred broad immunity upon Internet companies by enacting the CDA, because the breadth of the Internet precludes such companies from policing content as traditional media have. *See Jones v. Dirty World Entm't Recordings LLC*, 755 F.3d 398, 407 (6th Cir. 2014); *Batzel v Smith*, 333 F.3d 1018, 1026 (9th Cir. 2003); *Zeran v. Am. Online, Inc.*, 129 F.3d 327, 330 (4th 1997); *DiMeo v. Max*, 433 F. Supp. 2d 523, 528 (E.D. Pa. 2006).

The Court finds the CDA bars Plaintiff's claims against Google and YouTube. Both Google and YouTube are "interactive computer service[s]." *Parker v. Google, Inc.*, 422 F. Supp. 2d 492, 551 (E.D. Pa. 2006), *aff'd*, 242 F. App'x 833 (3d Cir. 2007). Plaintiff does not allege Google or YouTube played any role in producing the allegedly defamatory content. Instead, Plaintiff alleges both websites failed to remove the defamatory content, despite his repeated requests. (ECF No. 1 ¶¶ 8-9.) Plaintiff does not cite any authority in his opposition to Google and YouTube's motion, and instead argues the CDA does not bar claims for the "failure to remove the videos" or to "take corrective action." (ECF No. 15 at 1-2.) To the contrary, the CDA expressly protects internet companies from such liability. Pursuant to the CDA, Plaintiff cannot assert a claim against Google or YouTube for "decisions 'relating to the monitoring, screening, and

deletion of content from its network.'" *Obado*, 612 F. App'x at 94-95 (3d Cir. 2015) (quoting *Green*, 318 F.3d at 470-71); 47 U.S.C. § 230(c)(1) ("No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider."). The Court finds the CDA bars Plaintiff's claims against Google and YouTube.

Therefore, Google and YouTube's Motion to Dismiss is **GRANTED WITH PREJUDICE**.

IV. **CONCLUSION**

For the reasons set forth above, Individual Defendants' Motion to Dismiss (ECF No. 14) and Fullscreen's Motion to Dismiss (ECF No. 10-1) are **GRANTED WITHOUT PREJUDICE**. Google and YouTube's Motion to Dismiss (ECF No. 7-1) is **GRANTED WITH PREJUDICE**. An appropriate Order will follow.


**Date: September 29, 2017**　　　　　　　　　　*/s/ Brian R. Martinotti*
　　　　　　　　　　　　　　　　　　　　　　　**HON. BRIAN R. MARTINOTTI**
　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**